UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 09-50064 |
| | ) | Chapter 7 |
| CHRISTINA DAWN SHEPARD | ) | |
| SSN/ITIN xxx-xx-8523 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JOHN S. LOVALD, TRUSTEE | ) | Adv. No. 09-5006 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| -vs- | ) | DECISION RE: TRUSTEE-PLAINTIFF'S |
| | ) | COMPLAINT TO DETERMINE EXTENT |
| JR TIPPMANN, INC. | ) | AND PRIORITY OF CERTAIN LIENS |
| | ) | |
| Defendant. | ) | |

The matter before the Court is Trustee-Plaintiff John S. Lovald's Complaint to Determine Extent and Priority of Lien Claims. This is a core proceeding under 28 U.S.C. § 157(b)(2). This decision shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052. As set forth below, a judgment will be entered for Trustee-Plaintiff Lovald.

I. Facts

The parties stipulated to certain facts, submitted several joint exhibits, and filed briefs in lieu of a trial.

Debtor Christina Dawn Shepard ("Debtor") filed a chapter 7 petition in bankruptcy on February 27, 2009. At the time, her unsecured debt was $48,712.16, and she had no present means of paying it. On her schedule of assets, Debtor disclosed ownership of a 1998 Dodge Caravan and a 1994 Chevrolet K2500 pickup. On her schedule of creditors holding secured claims, Debtor represented both vehicles were subject to liens held by Defendant JR Tippmann, Inc., which also does business as Tippmann Auto Sales ("Tippmann Auto").

Debtor purchased the 1998 Dodge Caravan from Tippmann Auto on or about

-2-

September 23, 2008. On that same date, Debtor signed a promissory note and security agreement (Joint Exhibit A, doc. 12-1). An application for a motor vehicle title and registration (Joint Exhibit C, doc. 22 at 3) for the Caravan was dated September 23, 2008 or 2009.[1] The application identified the Caravan by make and model but did not contain the vehicle's identification number. The record does not indicate when the application was submitted to the state. On a South Dakota vehicle title dated November 21, 2008 (Joint Exhibit B, doc. 12-2), Debtor is listed as the owner of the Caravan. In a handwritten notation dated February 6, 2009, Tippmann Auto is identified as the first lienholder.

Debtor also purchased the 1994 Chevrolet 2500 pickup from Tippmann Auto. The bill of sale for the pickup is dated September 30, 2008 (Joint Exhibit E, doc. 12-5), but Debtor signed the note and security agreement for the pickup on December 5, 2008 (Joint Exhibit G, doc. 12-7). Debtor signed an application for a motor vehicle title and registration on December 5, 2008 (Joint Exhibit F, doc. 22 at 5). Again, the record does not indicate when the application was submitted to the state. On a South Dakota vehicle title dated February 6, 2009 (Joint Exhibit I, doc. 12-9), Debtor is listed as the owner of the pickup, and Tippmann Auto is identified as the first lienholder.

In a deal with Tippmann Auto on or about March 17, 2009, Debtor traded the pickup for a 1996 GMC Sierra, and Tippmann Auto took a security interest in the Sierra. The trade was for no additional consideration, other than Debtor's assumption of the remaining debt on the pickup. The parties agree whatever interest the bankruptcy estate had in the pickup on the petition date transferred to the Sierra.

---

[1] The date is very difficult to read. If the document actually states 2009, it may have been an error, since a new title was issued November 21, 2008.

II. Issues

The parties stipulated to the following issues:

1. Are Tippmann Auto's liens on the Caravan and pickup avoidable pursuant to 11 U.S.C. § 547(b)?

2. Do Exhibits A through I, inclusive, demonstrate Tippmann Auto perfected its lien against either vehicle prior to February 6, 2009, and if so, does that earlier perfection provide a defense to Trustee Lovald's power to avoid the transfers?

III. Discussion

Trustee Lovald argues the perfection of Tippmann Auto's liens occurred, not when the liens were noted on the applications for title, but when the titles were issued. He relies on this Court's decision in *Lovald v. First Bank of South Dakota (In re Anthony L. LePera)*, Bankr. No. 97-40908, Adv. No. 97-4060, slip op. (Bankr. D.S.D. June 23, 1998), and the wording of S.D.C.L. § 32-3-41, which provides:

> A security interest, mechanic's lien, or similar instrument other than a financing statement covering a motor vehicle, trailer, or semitrailer if notation of same has been made by the seller, buyer, owner, holder of the instrument, or an agent of the secretary on the manufacturer's statement of origin or the manufacturer's certificate of origin, or in the case of the certificate of title, if a notation of same has been made by the secretary, an agent of the secretary, or a county treasurer on the face thereof or if notation of same has been made by the seller, buyer, owner, holder of the instrument, or agent of the secretary on the reverse thereof, shall be valid against the creditors of the debtor, whether armed with process or not, and subsequent purchasers and other lien holders or claimants, but otherwise is not valid against them.

S.D.C.L. § 32-3-41 (2009).

In challenging the trustee's attempt to avoid the liens on the Caravan and pickup, Tippmann Auto argues it followed its business practice of completing a title application, giving the application to the buyer with a title that noted the transfer of ownership, and relying on the buyer to file the title paperwork with the state within 30 days. Tippmann Auto says the titles were not timely issued in this instance because of Debtor's delay in submitting the paperwork to the state. Though not

explicitly stated in its brief, Tippmann Auto appears to argue the circumstances warrant the application of one of the exceptions to the avoidance of a transfer listed in 11 U.S.C. § 547(c).

Under 11 U.S.C. § 547(b), a trustee may avoid certain transfers of property to a creditor that occur within 90 days of when the debtor files bankruptcy.

> Section 547 serves two purposes.  First, by permitting the trustee to avoid transfers made in the ninety days before bankruptcy, creditors are discouraged from a race to the courthouse during the slide into bankruptcy.  *Danning v. Bozek (In re Bullion Reserve of N. Am.)*, 836 F.2d 1214, 1217 (9th Cir. 1988), *cert. denied*, 486 U.S. 1056, 108 S.Ct. 2824, 100 L.Ed.2d 925 (1988).  Second, it furthers the prime policy of the Bankruptcy Act of an equal distribution of the debtor's assets among similarly situated creditors.  *Id*.  The trustee may avoid the transfer of a debtor's property to a creditor that diminishes the bankruptcy estate or creates inequality among creditors, if the debtor was insolvent and the transfer was made within ninety days of the filing of the bankruptcy petition.  *Stevenson v. Leisure Guide of Am., Inc. (In re Shelton Harrison Chevrolet, Inc.)*, 202 F.3d 834, 837 (6th Cir. 2000).

*Velde v. Kirsch*, 543 F.3d 469, 472 (8th Cir. 2008) (cites therein).  The elements of § 547(b) are: (1) there must have been a transfer of an interest of the debtor in property; (2) the transfer must have been on account of an antecedent debt; (3) the transfer must have been to or for the benefit of a creditor; (4) the transfer must have been made while the debtor was insolvent; (5) the transfer must have been made within 90 days before the commencement of the bankruptcy case; and (6) the transfer must have left the creditor better off than it would have been if the transfer had not been made and the creditor asserted its claim in a chapter 7 liquidation.  11 U.S.C. § 547(b); *Wells Fargo Home Mortgage, Inc. v. Lindquist*, 592 F.3d 838, 842 (8th Cir. 2010).  The trustee bears the burden of proving each of these elements by a preponderance of the evidence.  11 U.S.C. § 547(g); *Lindquist*, 592 F.3d at 842.

Section 547(c) sets forth certain exceptions to the trustee's ability to avoid otherwise preferential transfers.  The creditor bears the burden of proof with respect

to those exceptions. 11 U.S.C. § 547(g); *Gulfcoast Workstation Corp. v. Peltz (In re Bridge Information Systems, Inc.)*, 460 F.3d 1041, 1044 (8th Cir. 2006).

IV. Discussion

The Court is satisfied Tippmann Auto's secured interests in the Caravan and pickup were not perfected until Tippmann Auto's lien was noted on the titles issued February 6, 2009 by the state. The lien notation must be made on the title, the manufacturer's statement of origin, or the manufacturer's certificate, S.D.C.L. §§ 32-3-35, 32-3-41, and 57A-9-303, and that was not accomplished outside the 90-day preference period. Since the issue of when the transfer, *i.e.* perfection, of the secured interest occurred was the only element of § 547(b) Tippmann Auto challenged, the other elements are deemed admitted, and the Court concludes Trustee Lovald may avoid Tippmann Auto's liens on the Caravan and the pickup as preferential transfers within 90 days of the filing of Debtor's petition.

Tippmann Auto has not identified any exception under § 547(c) that might limit Trustee Lovald's ability to avoid the transfers in question. Tippmann Auto has likewise not pointed the Court to any facts in the record that would support any such exception. Thus, the trustee's power to avoid those transfers is unfettered.

An appropriate order and a judgment for Trustee Lovald will be entered.

Dated: March 26, 2010.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered
on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota